IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No.  3:12-CR-392-O |
| MIGUEL QUINTERO (4) | § § | |

## PLEA AGREEMENT

Miguel Quintero, defendant, Sharita Blacknall, the defendant's attorney, and the United States of America (the government), agree as follows:

1.   **Rights of the defendant**:  Quintero understands that he has the rights

    a.    to plead not guilty;

    b.    to have a trial by jury;

    c.    to have his guilt proven beyond a reasonable doubt;

    d.    to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.    against compelled self-incrimination.

2.   **Waiver of rights and plea of guilty**:  Quintero waives these rights and pleads guilty to the offense alleged in Count One of the indictment, charging a violation of 21 U.S.C. § 846, that is, conspiracy to distribute and possess with intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine.  Quintero understands the nature and elements of the crime to which he is pleading guilty and agrees that the factual resume he has signed is true and will be submitted as evidence.

3.    **Sentence**: The maximum penalties the Court can impose in Count One include:

    a.    imprisonment for a period not less than ten (10) years, and not to exceed Life;

    b.    a fine not to exceed $10,000,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.    a term of supervised release of not less than five (5) years, which is mandatory under the law and will follow any term of imprisonment. If Quintero violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which is mandatory under the law, and which Quintero agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f.    upon conviction of an offense involving distribution of a controlled substance, the defendant is, in the discretion of the Court, subject to denial of any or all "federal benefits" as defined in 21 U.S.C. § 862(d);

    g.    costs of incarceration and supervision; and,

    h.    forfeiture of property.

4.    **Court's sentencing discretion and role of the Guidelines**: Quintero understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Quintero has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Quintero will not be allowed to withdraw his plea if his

Plea Agreement - Page 2

sentence is higher than expected. Quintero fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Quintero agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement**: Quintero shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Quintero shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Quintero expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. Quintero fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. Quintero understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

Plea Agreement - Page 3

7.     **Forfeiture of property:**  Quintero agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the Indictment/Information and in any bills of particulars, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause on or about November 5, 2012, including, but not limited to, firearms, ammunition, and vehicles seized from various locations used by the drug trafficking organization.  Quintero consents to entry of any orders or declarations of forfeiture regarding all such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure.  Quintero agrees to provide truthful information and evidence necessary for the government to forfeit such property.  Quintero agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

8.     **Government's agreement:**  The government will not bring any additional charges against Quintero based upon the conduct underlying and related to Quintero's plea of guilty.  The government will file a supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.  The government will dismiss, after sentencing, any remaining charges in the pending indictment.  This agreement is limited to the United States Attorney's Office for the Northern District of

Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Quintero or any property.

9.      **Violation of agreement**: Quintero understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Quintero for all offenses of which it has knowledge.  In such event, Quintero waives any objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Quintero also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10.     **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.     **Waiver of right to appeal or otherwise challenge sentence**: Quintero waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence.  He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  Quintero, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at

sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12.     **Immigration consequences**: Quintero recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense to which Quintero is pleading guilty.  Indeed, because Quintero is pleading guilty to a conspiracy to distribute and possess with intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, removal is presumptively mandatory.  Removal and other immigration consequences are the subject of a separate proceeding, however, and Quintero understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status.  Quintero nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea of guilty may entail, even if the consequence is his automatic removal from the United States.

13.     **Representation of counsel**: Quintero has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.  Quintero has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Quintero has

Plea Agreement - Page 6

concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this ___8___ day of _February_, 2013.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_Miguel Quintero_
MIGUEL QUINTERO
Defendant

JOHN KULL   010-713
Assistant United States Attorney
Texas State Bar No. 00791057
1100 Commerce Street, 3rd Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile: 214.659.8803
E-mail: john.kull@usdoj.gov

SHARITA BLACKNALL
Attorney for Defendant
Texas State Bar No. 24038768

RICHARD CALVERT
Deputy Criminal Chief
Texas State Bar No. 03669700

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

*miguel Quintero*                    12/8/13
MIGUEL QUINTERO                 Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

*S. Blacknall*                    2-8-13
SHARITA BLACKNALL               Date
Attorney for Defendant