IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 3:12-cr-392 |
| | ) | |
| v. | ) | Rearraignment |
| | ) | |
| MIGUEL QUINTERO | ) | February 28, 2013 |

**BEFORE THE HONORABLE REED C. O'CONNOR**
*United States District Judge*
*In Dallas, Texas*

**FOR THE GOVERNMENT:**          **MR. JASON DALE SCHALL**
                                 US Attorney's Office
                                 1100 Commerce St
                                 Suite 300
                                 Dallas, TX 75242-1699
                                 214/659-8600
                                 Fax: 214/767-2846
                                 jason.schall@usdoj.gov

**FOR THE DEFENDANT:**           **MS. SHARITA BLACKNALL**
                                 The Law Offices of
                                    Sharita Blacknall PC
                                 5001 Spring Valley Road
                                 Suite 400 East
                                 Dallas, TX 75244
                                 214/678-9111
                                 Fax: 214/678-9144
                                 info@blacknallfirm.com

**COURT REPORTER**:              **MR. DENVER B. RODEN, RMR**
                                 *United States Court Reporter*
                                 1050 Lake Carolyn Pkwy #2338
                                 Irving, Texas  75039
                                 *drodenrmr@sbcglobal.net*
                                 Phone:  (214) 753-2298

   The above styled and numbered cause was reported by
computerized stenography and produced by computer.

1        (February 28, 2013.)
2            **THE COURT**:  All right.  Then I call for rearraignment
3   case number 3:12-CR-0392, the United States versus
4   Miguel Quintero.
5            **MR. SCHALL**:  Jason Schall for the Government, Your
6   Honor:
7            **MS. BLACKNALL**:  Sharita Blacknall for the defendant.
8            **THE COURT**:  Are you ready to proceed, ma'am?
9            **MS. BLACKNALL**:  I am.
10           **THE COURT**:  Okay.  Very good.  Mr. Quintero, would
11  you, please, raise your hand and be sworn.
12       (Defendant sworn by the clerk at this time.)
13           **THE COURT**:  Would you state your full name for the
14  record.
15           **THE DEFENDANT**:  Miguel Quintero.
16           **THE COURT**:  Thank you, sir.  Do you understand that
17  you are now under oath and that if you answer any of my
18  questions falsely your answers may later be used against you
19  in a prosecution for perjury or making a false statement?
20           **THE DEFENDANT**:  Yes.
21           **THE COURT**:  Do you read, write, and understand the
22  English language?
23           **THE DEFENDANT**:  Yes.
24           **THE COURT**:  How old are you?
25           **THE DEFENDANT**:  Nineteen.

1      **THE COURT:**  What year were you born?
2      **THE DEFENDANT:**  '93.
3      **THE COURT:**  And how far did you go in school?
4      **THE DEFENDANT:**  To the sixth.
5      **THE COURT:**  To the sixth grade?
6      **THE DEFENDANT:**  Yes, sir.
7      **THE COURT:**  Are you now or have you been within the
8    last six months under the care of a physician or a
9    psychiatrist?
10     **THE DEFENDANT:**  No.
11     **THE COURT:**  Have you ever been hospitalized or
12   treated for narcotics addiction or alcoholism?
13     **THE DEFENDANT:**  No.
14     **THE COURT:**  Do you suffer from any emotional or
15   mental disability or problem?
16     **THE DEFENDANT:**  No.
17     **THE COURT:**  Are you now under the influence of
18   alcohol or any other type of drug?
19     **THE DEFENDANT:**  No.
20     **THE COURT:**  Do you feel as if you are of sound mind
21   and you fully understand what it is we're doing here today?
22     **THE DEFENDANT:**  Yes.
23     **THE COURT:**  Ms. Blacknall, do you have any reason to
24   believe that your client is not fully competent to enter a
25   plea of guilty in this case?

1          **MS. BLACKNALL:** No, I do not, Your Honor.

2          **THE COURT:** Is there any notice required by the

3  Government to any victim under Title 18 U.S.C. § 3771?

4          **MR. SCHALL:** I do not believe so, Your Honor.

5          **THE COURT:** Mr. Quintero, you may, if you choose,

6  plead not guilty to any offense charged against you and

7  persist in that plea if it has already been made and if you

8  plead not guilty the Constitution of the United States

9  guarantees to you the following rights:

10          The right to a speedy trial by a jury in this

11  district.

12          The right at such a trial for you to confront; that

13  is, to see, hear, and cross-examine all witnesses against you.

14          The right to use the power and the process of the

15  Court to compel the production of any evidence including the

16  attendance of any witnesses in your favor.

17          The right to have the assistance of an attorney in

18  your defense in all stages of the proceedings and, if

19  necessary, an attorney would be appointed to represent you if

20  you did not have an attorney.

21          At such a trial you could not be compelled to testify

22  and whether or not you would testify would be a matter in

23  which your judgment alone would control.

24          At such a trial the United States would be required

25  to prove your guilt beyond a reasonable doubt and if you were

1  found guilty you would have the right to appeal your
2  conviction.
3        Do you understand that you have and are guaranteed
4  each of these constitutional rights?
5        **THE DEFENDANT:**  Yes.
6        **THE COURT:**  On the other hand, if you plead guilty,
7  and if your plea is accepted, there will not be a further
8  trial of any kind, so that by pleading guilty you waive the
9  right to a trial as well as those other rights associated with
10 a trial as I've described them.
11       Generally, a defendant who is accused of a crime
12 cannot plead guilty unless he is actually guilty of the crime
13 charged.
14       In federal court the judge determines the penalty if
15 a defendant is convicted whether that conviction is on the
16 verdict of a jury or upon a plea of guilty.
17       Now, I have not and I will not talk to anyone about
18 the facts of your case except in your presence where you, your
19 attorney, and representatives of the Government are all
20 present.  However, if a guilty verdict is entered, a
21 Presentence Report will be prepared by the Probation
22 Department and I will review it with -- and I may review it
23 with the probation officers outside of your presence.  I
24 usually don't do that, but I do have the right to do that if I
25 need to.

1    If you should be convicted, you and your attorney
2 will be given an opportunity to present to the Court any pleas
3 for leniency and the penalty will be decided on the basis of
4 the facts heard here in open court.
5    You should never depend or rely upon any statement or
6 promise by anyone whether connected with a law enforcement
7 agency or the Government or your attorney or anyone else as to
8 what penalty will be assessed against you. Any discussion of
9 the penalty and the guideline range and how that might apply
10 to you at this point is the best estimate that can be made as
11 to how your specific facts fit into the guideline range, but
12 it's an estimate only.
13    Should you decide to plead guilty, your plea of
14 guilty must not be induced or prompted by any promises,
15 pressure, threats, force, or coercion of any kind.
16    A plea of guilty must be purely voluntary and you
17 should plead guilty only because you are guilty and for no
18 other reason.
19    Do you understand each of my explanations about the
20 process and the consequences of pleading guilty?
21    **THE DEFENDANT:** Yes.
22    **THE COURT:** Now, under the Sentencing Reform Act, the
23 Sentencing Commission has issued advisory guidelines for
24 judges to consider in determining the sentence in criminal
25 cases. Have you and your attorney discussed how the

1  guidelines might apply in your case?

2  **THE DEFENDANT:** Yes.

3  **THE COURT:** All right. Even so, I need to tell you
4  the following:

5  I am required to consider any applicable sentencing
6  guidelines but I may sentence outside those guidelines if I do
7  so reasonably.

8  I'm not bound by facts stipulated between you and
9  your attorney on the one hand and the Government on the other.
10 I can impose punishment that might disregard stipulated facts
11 or take into account facts not mentioned in your stipulations
12 and you might not be permitted to withdraw your plea of guilty
13 in such an event.

14 I have -- I will not be able to determine the
15 guideline sentence for your case until after a Presentence
16 Report has been prepared and you and the Government have had
17 an opportunity to challenge the facts and conclusions reached
18 by the Probation Department.

19 You have the right to appeal your sentence and under
20 some circumstances the Government has the right to appeal as
21 well. If you waive your right to appeal your sentence then,
22 of course, you would waive your right to do so.

23 Parole has been abolished and if you are sentenced to
24 prison you will not be released on parole.

25 Do you understand all of the explanations that I've

1  given to you about the sentencing process?
2          **THE DEFENDANT**:  Yes.
3          **THE COURT**:  Have you received a copy of the
4  indictment in this case?
5          **THE DEFENDANT**:  Yeah.
6          **THE COURT**:  And did you read it?
7          **THE DEFENDANT**:  Yeah.
8          **THE COURT**:  Did you understand the information
9  contained in that document?
10         **THE DEFENDANT**:  Yes.
11         **THE COURT**:  Would you like to have that document read
12  aloud here in open court this morning?
13         **THE DEFENDANT**:  No.
14         **THE COURT**:  All right.  Well, since you've read it
15  and you understood it, I will allow you to waive it.  You do
16  have the right to have explained to you the essential elements
17  of the offense.  These are the elements that the Government
18  would be required to prove beyond a reasonable doubt if you
19  were to elect to go to trial.  I'll ask the Government to
20  state those at this time.
21         **MR. SCHALL**:  Your Honor, in order to establish the
22  crime of conspiracy to possess with intent to distribute 500
23  grams or more of a mixture or substance containing a
24  detectable of the amount of methamphetamine, a Schedule II
25  controlled substance, in violation of Title 21, United States

1  Code § 846, as set out in the indictment, the Government must
2  prove the following elements beyond a reasonable doubt:
3      First, that the defendant and another person reached
4  an agreement to distribute and possess with intent to
5  distribute methamphetamine;
6      Second, that the defendant knew of the unlawful
7  purpose of the agreement;
8      Third, that the defendant joined in the agreement
9  willfully; that is, with the intent to further its unlawful
10 purpose; and
11     Fourth, that the overall scope of the conspiracy
12 involved 500 grams or more of a mixture or substance
13 containing a detectable amount of methamphetamine.
14     **THE COURT:** Thank you. Now, Mr. Quintero, do you
15 understand those elements?
16     **THE DEFENDANT:** Yes.
17     **THE COURT:** And do you admit that you committed all
18 of the essential elements of this offense?
19     **THE DEFENDANT:** Yes.
20     **THE COURT:** Now, you have Ms. Blacknall appearing
21 here today with you as your attorney. Do you feel as if
22 you've had enough time to discuss the case and the charges
23 that have been made against you with her?
24     **THE DEFENDANT:** Yes.
25     **THE COURT:** Have you discussed the issue of

1  punishment with her and how the Sentencing Guidelines might
2  apply in your case?
3          **THE DEFENDANT:**  Yes.
4          **THE COURT:**  Are you satisfied with her
5  representation?
6          **THE DEFENDANT:**  Yes.
7          **THE COURT:**  Now, there's a plea agreement in this
8  case.  Is that right, Ms. Blacknall?
9          **MS. BLACKNALL:**  It is, Your Honor.
10         **THE COURT:**  I will ask the Government to summarize
11 the plea agreement.
12         **MR. SCHALL:**  Your Honor, the terms of the plea
13 agreement which have been entered as document No. 151,
14 summarizes the defendant's rights, which include the right to
15 plead not guilty, to have a trial by jury, to have his guilt
16 proven beyond a reasonable doubt, to confront and
17 cross-examine witnesses, and a right against compelled self
18 indiscriminate nation, waiver of those rights.  It includes
19 the acknowledgment of the maximum sentence possible in this
20 case which includes imprisonment for a period of not less than
21 10 years and up to life; a fine not to exceed $10 million
22 dollars or twice any pecuniary gain to the defendant or loss
23 to the victims; a term of supervised release of not less than
24 5 years, which is mandatory under the law; a mandatory special
25 assessment of $100; restitution to victims or to the

1  community, which is mandatory under the law and which the
2  defendant agrees may include restitution arising from all
3  relevant conduct not limited to that arising from offense of
4  conviction alone.
5      Upon conviction of this offense the defendant is, in
6  the discretion of the Court, subject to denial of any and all
7  federal benefits, costs of incarceration, supervision, and
8  forfeiture of property.
9      **THE COURT:** All right. Let me stop you there. Now,
10  Mr. Quintero, let me ask you: Do you understand -- I want to
11  go over again the full range of punishment that you face in
12  this case, in particular the maximum punishment you face in
13  this case, and answer any question you may have about that.
14  But do you understand that if you are convicted in this case,
15  which I understand you intend to plead guilty, if your plea is
16  accepted that you face a term of imprisonment for a period of
17  not less than 10 years nor more than life; a fine not to
18  exceed $10 million dollars; a term of supervised release of
19  not less than 5 years and that once you're released, if you
20  violate any condition of your supervised release, you could be
21  returned to prison; a mandatory special assessment of $100;
22  restitution; denial of federal benefits; costs; and forfeiture
23  of property.
24      **THE DEFENDANT:** Yes.
25      **THE COURT:** Do you have any questions at all about

1  any aspect of the maximum punishment or any other aspect of
2  the range of punishment?
3      **THE DEFENDANT**:  No.
4      **THE COURT**:  Okay.
5      **MR. SCHALL**:  Your Honor, the plea agreement goes on
6  to summarize the Court's role and that of the Sentencing
7  Guidelines address the mandatory special assessment.
8      It acknowledges the Defendant's agreement to provide
9  certain information to the Government involving his personal
10 financial history and his agreement includes in paragraph 7
11 the forfeiture of property.
12     It lists the Government's agreement to dismiss other
13 charges against him and not bring further charges based on his
14 conduct.
15     It acknowledges there's penalties for violation of
16 this agreement as well as stating that the plea is voluntary
17 and acknowledging that the defendant waives his rights to
18 appeal and acknowledging that there are certain immigration
19 consequences inherent to a conviction for this offense.
20     It says in paragraph 13 that the Defendant is
21 satisfied with his representation and concludes in paragraph
22 14 that is the entirety of the agreement.
23     **THE COURT**:  Okay.  Mr. Quintero, let me talk to you
24 about paragraph 11 of your plea agreement.  As I mentioned,
25 you have the right to appeal your conviction and sentence

1  unless you waive that right and in paragraph 11 it appears
2  that you are waiving, to some degree, your right to appeal.
3        The last part of this document -- the last part of
4  the sentence in this paragraph reads that you reserve your
5  right to bring a direct appeal of a sentence exceeding the
6  statutory maximum punishment or an arithmetic error made at
7  sentencing, to challenge the voluntariness of your plea of
8  guilty or this waiver, and to bring a claim of ineffective
9  assistance of counsel.
10       So, do you understand though that you're reserving
11 your right to appeal only on those grounds and, other than one
12 of those grounds, you're in a very broad sense waiving your
13 right to appeal or ever challenge your conviction or sentence
14 in this court, a higher court, or any other court.
15       Do you understand that?
16       **THE DEFENDANT:** Yes.
17       **THE COURT:** And do you have any questions at all
18 about your waiver of appeal?
19       **THE DEFENDANT:** No.
20       **THE COURT:** All right. Do you have any questions at
21 all about any aspect of your plea agreement?
22       **THE DEFENDANT:** No.
23       **THE COURT:** All right, sir. Now, has anyone
24 mentally, physically, or in any other way attempted to force
25 you to plead guilty in this case?

1     **THE DEFENDANT:** No.

2     **THE COURT:** Other than your plea agreement, has

3  anyone made any promise or assurance to you of any kind in an

4  effort to induce you to enter a plea of guilty in this case?

5     **THE DEFENDANT:** No.

6     **THE COURT:** Do you understand that if your guilty

7  plea is accepted you will be adjudged guilty of the offense

8  charged by count one of the indictment and that your range

9  of -- that your punishment will be assessed somewhere within

10 the range of punishment provided by statute?

11    **THE DEFENDANT:** Yes.

12    **THE COURT:** Are you a citizen of the United States?

13    **THE DEFENDANT:** Yes.

14    **THE COURT:** That's good, because if you were not a

15 citizen your conviction in this case could result in your

16 deportation.  But since you are a citizen, what you need to

17 understand is that the offense to which you're pleading guilty

18 is a felony.  Conviction of a felony may deprive you of

19 valuable rights of citizenship such as the right to vote, to

20 hold public office, to serve on a jury, to possess any kind of

21 firearm, and other valuable rights.

22    Do you understand that, sir?

23    **THE DEFENDANT:** Yes.

24    **THE COURT:** So, do you understand that if you plead

25 guilty you are subject to all of the penalties and

1  consequences that we've gone over?
2  **THE DEFENDANT:** Yes:
3  **THE COURT:** Then having heard all of the foregoing,
4  how do you plead to count one of the indictment, guilty or not
5  guilty?
6  **THE DEFENDANT:** Guilty.
7  **THE COURT:** I'll accept your plea on the condition
8  that there is a factual basis to support the plea. The
9  factual basis is usually provided by a Factual Resume. I have
10 one before me that is appropriately styled and numbered for
11 this case. It is three pages long. It contains the signature
12 of the attorneys for the Government, your attorney, and your
13 signature.
14        Did you read the Factual Resume that was filed in
15 this case as it relates to you?
16 **THE DEFENDANT:** Yes.
17 **THE COURT:** And did you understand the information
18 contained in this document?
19 **THE DEFENDANT:** Yes.
20 **THE COURT:** In particular, are the facts contained in
21 the stipulated facts portion of this document true and
22 correct?
23 **THE DEFENDANT:** Yes.
24 **THE COURT:** And after assuring yourself that you
25 understood this information and that this information was true

1  and correct, is that when you decided to sign this document?
2  **THE DEFENDANT:** Yes.
3  **THE COURT:** Okay. Being satisfied with the responses
4  given during this hearing, I make the following findings on
5  the record:
6  In the case of the United States of America v.
7  Miguel Quintero, case number 3:12-CR-0392, Mr. Quintero is
8  fully competent and capable of entering an informed plea and
9  his plea of guilty to count one of the indictment is a knowing
10 and voluntary plea supported by an independent basis in fact
11 containing each of the essential elements of the offense
12 charged by count one of the indictment.
13 His plea of guilty is therefore accepted and he is
14 now adjudged guilty of the offense charged by count one.
15 As I mentioned, a Presentence Report will be prepared
16 to assist in sentencing and you will be asked to give
17 information for that document.
18 Ms. Blacknall will be with you during that interview
19 and she will explain to you any negative consequences that may
20 occur if you are untruthful during that process.
21 You and your counsel and the Government each will be
22 given an opportunity -- will be given this Presentence Report
23 well before your sentencing and you all will have an
24 opportunity to make comments on it and file objections to it.
25 The date and time for your sentencing will be before

1  me on July 25, 2013, at nine thirty a.m. and your Presentence
2  Report is due to be disclosed on or before May 17, 2013.  So
3  be looking for it around that time period.
4       Is there anything else we should take up from the
5  Government?
6       **MR. SCHALL:**  Nothing, Your Honor.
7       **THE COURT:**  From the defense?
8       **MS. BLACKNALL:**  No, Your Honor.
9       **THE COURT:**  Then we're in recess on this case.  Good
10 luck to you, Mr. Quintero.  Thank you for being here.

1    I, **DENVER B. RODEN**, United States Court Reporter for the
2 United States District Court in and for the Northern District
3 of Texas, Dallas Division, hereby certify that the above and
4 foregoing contains a true and correct transcription of the
5 proceedings in the above entitled and numbered cause.
6    **WITNESS MY HAND** on this 29th day of November, 2013.
7
8
9                              /s/ Denver B. Roden
10                             **DENVER B. RODEN, RMR**
                               *United States Court Reporter*
11                             1050 Lake Carolyn Parkway #2338
                               Irving, Texas  75039
12                             *drodenrmr@sbcglobal.net*
                               **Phone**: (214) 753-2298
13
14
15
16
17
18
19
20
21
22
23
24
25